**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4759**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

CHRISTOPHER MICHAEL WATKINS,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Henry Coke Morgan, Jr., Senior District Judge. (4:00-cr-00043-HCM-1)

Submitted: December 21, 2011      Decided: January 5, 2012

Before WILKINSON, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Timothy Anderson, ANDERSON & ASSOCIATES, Virginia Beach, Virginia, for Appellant. Brian James Samuels, Assistant United States Attorney, Newport News, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Michael Watkins appeals the district court's judgment revoking his supervised release and sentencing him to six months in prison. Watkins's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, there are no meritorious grounds for appeal but raising the issue of whether Watkins was unlawfully arrested and denied a probable cause hearing for a supervised release violation. Watkins was notified of his right to file a pro se supplemental brief but has not done so. We affirm.

We review a district court's judgment revoking supervised release and imposing a term of imprisonment for abuse of discretion. United States v. Copley, 978 F.2d 829, 831 (4th Cir. 1992). To revoke supervised release, a district court need only find a violation of a condition of supervised release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2006). We will affirm a sentence imposed after revocation of supervised release if it is within the prescribed statutory range and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is procedurally or substantively unreasonable. Id. at 438. In this initial inquiry, we take a more deferential posture concerning issues of fact and the exercise of discretion than reasonableness review for Guidelines sentences. United States

2

v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). Only if we find the sentence procedurally or substantively unreasonable must we decide whether it is "plainly" so. Id. at 657.

While a district court must consider the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. §§ 3553(a), 3583(e) (2006), the court need not robotically tick through every subsection, and ultimately, the court has broad discretion to revoke the previous sentence and impose a term of imprisonment up to the statutory maximum. Id. at 656-57. Moreover, while a district court must provide a statement of reasons for the sentence, the court need not be as detailed or specific when imposing a revocation sentence as when imposing a post-conviction sentence. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010).

We have reviewed the record and conclude that the district court did not err or abuse its discretion in revoking Watkins's supervised release, and his sentence is reasonable. Watkins did not dispute the factual allegations in the petition on supervised release, and the district court was required to revoke his supervised release. See U.S.C. § 3583(g) (2006). The district court correctly determined his advisory Guidelines sentence was twelve months, see U.S.C. § 3583(e)(3) (2006); USSG § 7B1.4(b), and reasonably determined a sentence of six months in prison with no further supervised release was appropriate.

3

Moreover, the district court correctly rejected Watkins's pro se arguments that his arrest was illegal and he was entitled to a probable cause hearing after he waived a preliminary hearing. Watkins contended that only a U.S. Marshal could execute his arrest warrant, but it was directed to "[a]ny authorized law enforcement officer" and its execution complied with federal law. See Fed. R. Crim. P. 4(c). At his revocation hearing, Watkins argued that he was entitled to a probable cause hearing, but he waived a preliminary hearing under Fed. R. Crim. P. 32.1(b)(1); and he did not dispute the factual allegations in the petition on supervised release at his revocation hearing conducted pursuant to Fed. R. Crim. P. 32.1(b)(2).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED